[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: PLAINTIFF'S MOTION TO MODIFY
By pleading dated March 10, 1997 the plaintiff sought to modify the order of temporary alimony and/or support entered by this court on March 26, 1996. The order of March 26, 1996 provided for payment of certain family bills by the plaintiff plus an allowance to the defendant of $750. per week.
According to the file, the family bills included the following: rent/mortgage, real estate taxes, fuel, electricity, telephone, trash pick-up, cable T.V., family gas and oil, all repairs, medical and dental expenses, the wife's car payments, car insurance, homeowner's insurance, life insurance, tuition, summer camp, all children's activities, alarm system, cleaning lady, gardener, wife's contact lenses, car loans and condominium fees for Florida condo.
In his motion of March 10, 1997, the plaintiff indicated he had a negative cash flow. The plaintiff's March 26, 1996 affidavit indicated a net weekly income of $1118. per week. His March 11, 1997 affidavit indicated a net income of $1200. per week.
At the time of the hearing on the plaintiff's motion on January 26, 1999, the plaintiff filed an affidavit indicating a net income of $39.74 per week.
The plaintiff is a manufacturer's representative with extensive business dealings in Italy. He spends approximately only 1/3 of the year in this country. The plaintiff's business was and is in the optical/eyeglass frames business. Thus he is engaged in the same business now as he was in March 1996 when the Pendente Lite Orders were entered. Although his income may be sporadic, his earnings up to March 1996 supported a high standard of living as gleaned from the financial affidavits filed by the parties at the time of the Pendente Lite hearing. The purpose of CT Page 1557 the Pendente Lite Orders is to maintain the status quo of the family. At the March 1996 hearing the plaintiff preferred to pay the household bills himself rather than give the defendant a substantial amount to do so. In 1996 the plaintiff had a yearly income of approximately $146,000. In 1997, the plaintiff's income for the year would appear to be $180,000.
In addition, over the past 2 1/2 years, the plaintiff has obtained loans totaling $111,000 from Luigi Gama of the Lavaredo Company. No written evidence of the loan agreement was presented. There are no repayment terms and there is no interest in connection with this loan.
The court also notes that at or about the time the plaintiff filed his Motion to Modify (March 10, 1997), the plaintiff was able to pay his attorney $10,000 towards counsel fees in February 1997. (In addition to the $20,000 retainer previously paid). The plaintiff would have the court believe that he is earning approximately $2080 for the year 1998, based on his financial affidavit dated December 17, 1998. The plaintiff lists expenses of $3119.95 per week and other expenses which he is not paying. The evidence presented belies the fact that the plaintiff is only earning $39.74 per week as stated on his financial affidavit, regardless of how sporadic is his income.
The court heard approximately 2 1/2 days of testimony and arguments concerning this motion and the defendant's motion for contempt.
No useful purpose would be served by a review of all the evidence presented by both parties. The plaintiff's financial affidavit, signed and sworn to by the plaintiff, was of little assistance to the Court. If in fact his income is $39.74 per week, then perhaps he ought to seek a career change or other employment.
The plaintiff's income for 1998 was approximately $93,858., as shown on the plaintiff's Exhibit C. The plaintiff also has the use of a Lavaredo Credit Card which provides for substantial expenses of the plaintiff.
Both parties seem bent to destroy each other. There are accusations and counter accusations back and forth. Although this dissolution has been pending since 1994, neither side is satisfied with the other's disclosure and discovery. CT Page 1558
Depositions are set up and not completed although a discovery schedule was set up and ordered in February 1997, there has not been full compliance to bring this case to a head.
The court had the opportunity to observe the parties and their demeanor and to come to certain conclusions concerning their credibility and their candidness. The court has also carefully reviewed the financial affidavits filed by the parties in March 1996 and the affidavits filed in connection with this motion, along with the exhibits.
In 1996, the year the Pendente Lite Orders were entered, the plaintiff had an income of $99,728 for the year.
In 1997, the year in which the plaintiff requested a modification due to the circumstances of his business, he had an income of $180,408.
For the year 1998, the plaintiff had an income of $93,858.
The present order is not working and is unworkable. Part of the problem is the plaintiff's absence from this country for long periods of time.
Although the court does not find a substantial change in the plaintiff's circumstances, it would appear that a modified order is necessary under all the circumstances — that is, modified in the manner the payments are made.
The court also notes that both parties have liquidated some of their respective assets and have used credit cards to maintain their lifestyle.
The parties are on the path to financial ruin and disaster.
The court modifies or refigures, if you will, the orders entered on March 26, 1996 as follows:
1) The plaintiff shall be responsible to pay the expenses connection with the Florida Condo including condo charges and fees, utilities and taxes;
2) The plaintiff shall provide and maintain medical insurance coverage for the defendant and minor child. Any CT Page 1559 unreimbursed medical/dental expenses shall be equally divided between the parties;
3) The plaintiff shall be responsible for the summer camp expense for the minor child, if this issue is not resolved at the final hearing;
4) Commencing February 1, 1999 and weekly thereafter, the plaintiff shall pay to the defendant as alimony/support the sum of $1450 per week;
5) Any unpaid tuition for the school year ending June 1999 shall be the plaintiff's responsibility;
6) The defendant shall be responsible for her own Life Insurance cost;
7) Tuition for the minor child for the school year 1999-2000 is not addressed;
8) The plaintiff shall be responsible for the expense of the minor child's activities.
______________________ COPPETO, J.